FILED'06 MAR 14 17:30USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEROME BOYD BERRYHILL,

        Plaintiff,

  vs.

ROD MINARIK,

        Defendant.

Civil No. 05-810-AA
OPINION AND ORDER

Ann Berryhill Witte
Attorney at Law
812 SW Washington St. #910
Portland, OR  97205
    Attorney for plaintiff

David Moule
Moule & Frank, Lawyers
259 E. 5th Ave.
Eugene, OR  97401
    Attorney for defendant

AIKEN, Judge:

    Plaintiff Jerome Berryhill brought this action for copyright infringement under 17 U.S.C. § 501, seeking an injunction to prevent defendant Rod Minarik from distributing a computer program for which Berryhill wrote code, as well as payment for damages. Minarik denied infringement and filed a counterclaim for intentional interference with his business, alleging Berryhill wrongfully registered the computer program

1   - OPINION AND ORDER

as a sole copyright holder because the program was developed jointly.  Berryhill then filed a motion for summary judgment, relying on his copyright registration with the U.S. Copyright Office, and a motion to dismiss defendant's claim of intentional interference with business relations.  For reasons stated below, plaintiff's motions are denied.

## BACKGROUND

In 2003, defendant Minarik hired plaintiff Berryhill to create a new version of Minarik's 18-year old software application for operating a telephone answering service. Minarik's original version ran in a DOS environment, but once Microsoft stopped supporting DOS applications, Minarik needed the software translated into a computer language supported by Microsoft Windows.  The specific working arrangements between Berryhill and Minarik are unclear from the record developed thus far, but it appears Berryhill began work on the new code, with Minarik directing changes to create the functionality desired.  Their working relationship deteriorated around November 2004 over allocation of profits for the revised program titled "Nova TAS System," and the two individuals ultimately parted ways.  In December 2004, Berryhill learned Minarik was still offering Nova TAS for sale and actively recruiting a new computer programmer.

On March 25, 2005, Berryhill filed an application for sole copyright registration of Nova TAS with the U.S. Copyright Office.  On April 14, he hired an attorney to send Minarik a cease and desist letter to halt distribution of Nova TAS. Berryhill then filed this action June 3, 2005.  Minarik filed

2    - OPINION AND ORDER

his answer Sept. 6, 2005 including a counterclaim for intentional interference, based in part on plaintiff's allegedly inappropriate sole copyright registration of Nova TAS.

## STANDARDS

### 1. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn

3   - OPINION AND ORDER

from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## 2. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

### 1. Copyright claim

The United States Copyright Act, 17 U.S.C. §§ 101 et seq., was created to preserve the rights of authors and inventors secured by the U.S. Constitution[1]. Copyright protections subsist in original works of authorship fixed in a tangible medium of expression, including computer programs. See 17 U.S.C. §§ 101-102 and Apple Computer v. Franklin Computer, 714 F.2d 1240 (3rd Cir. 1983). A violation of any of the exclusive rights of a copyright owner as provided by sections 106 through 122 of the Act constitutes infringement. 17 U.S.C. § 501. Those exclusive rights include the right to reproduce and

---

[1] "Congress shall have the power to promote progress of science and useful arts by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." U.S. Const. art. I, § 8, cl. 8.

4    - OPINION AND ORDER

distribute copyrighted work, and the right to prepare derivative works. 17 U.S.C. §§ 106(1)-(3).

### a. Copyright ownership

At any time during the first term of a work in which copyright was secured before January 1, 1978, registration of a copyright claim with the U.S. Copyright Office is permitted, but not required. 17 U.S.C. § 408(a). Registration is, however, a prerequisite to filing suit for copyright infringement and serves as prima facie evidence of copyright validity. 17 U.S.C. §§ 410-411. The presumption of validity in an infringement suit based on registration, however, can be rebutted by defendant's showing that the plaintiff's work is not original. Three Boys Music Corp. v. Bolton, 212 F.3d 477, 489 (9th Cir. 2000). Thus, the weight to be accorded the certificate of registration is within the court's discretion. 17 U.S.C. § 410(c).

Here, as discussed below, Minarik has provided evidence that Berryhill's work is not an original work of authorship. Thus Berryhill's certificate of registration alone does not provide sufficient proof of ownership.

### b. Authorship

As noted above, an author's rights under the Copyright Act of 1976 vest not upon registration, but upon fixation of an original work of authorship in a tangible medium of expression. 17 U.S.C. § 102. "Author" is not defined in the Act, but has been held to require minimal creativity and originality. See Feist Publications, Inc. v. Rural Telephone Service, Co., 499 U.S. 340 (1991).

5   - OPINION AND ORDER

Berryhill alleges Minarik has no rights as an author because he did not write any of the code for Nova TAS. However, in his copyright application, Berryhill notes that his program is a derivative work built from a previous version. A "derivative work" is a work based upon one or more preexisting works. 17 U.S.C. § 101. Neither party claims authorship of the original work from which Nova TAS was derived, thus it is unclear which, if either of the parties, had the exclusive right to prepare a derivative work.

Additionally, both parties allege the development of Nova TAS was to be a partnership. Thus, the possibility exists that Nova TAS is a "joint work" under the Copyright Act. "A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." Id. Both contributions, however, must be copyrightable for each contributor to be deemed an "author." Aalmuhammed v. Lee, 202 F.3d 1227, 1231 (9th Cir. 2000).

Berryhill relies on Ashton-Tate Corp. v. Ross, 916 F.2d 516 (9th Cir. 1990), a case involving authorship of a program jointly developed by two programmers. In Ashton-Tate, programmer Richard Ross agreed to work on the computational component of a program for which programmer Randy Wigginton agreed to work on the user interface. The two partners eventually split, with Wiggington taking his user interface to Ashton-Tate, one of the nation's largest software publishers, and combining it with one of Ashton-Tate's engines to create a spreadsheet program called "Full Impact." Ross claimed Full

6   - OPINION AND ORDER

1 Impact relied on his previous contribution of ideas and
2 guidance for the user interface and that he was thus a joint
3 author of Full Impact. However, the district and appellate
4 courts held that a mere contribution of ideas did not suffice
5 to grant Ross authorship rights. Id. at 521.

6 Ashton-Tate differs from this case where Berryhill was
7 hired to adapt Minarik's pre-existing program. The record
8 clearly shows that both parties at one time intended their
9 contributions - Minarik's original software and Berryhill's new
10 code - to merge into inseparable parts of the new Nova TAS
11 software. Thus, unlike Ross in Ashton-Tate, Minarik made a
12 substantial contribution by providing the actual framework for
13 Berryhill's code adaptation, not just ideas.

14 Finally, both parties discuss at length whether Minarik
15 employed Berryhill as an independent contractor or employee.
16 No specific evidence has been provided as to the character of
17 the working relationship, however, under the Copyright Act, the
18 authorship of a "work made for hire" vests in the employer.
19 17 U.S.C. § 201(b). A "work made for hire" is either a work
20 prepared by an employee within the scope of his or her
21 employment, or is a work commissioned for use as a contribution
22 to a "collective work" in one of nine categories. 17 U.S.C. §
23 101. As noted by Berryhill, computer programs are not included
24 in the list of categories of a "collective work," but it
25 remains unclear whether Berryhill was actually employed or
26 contracted by Minarik.

27 In Community for Creative Non-violence v. Reid, 490 U.S.
28 730 (1989), the Supreme Court looked to agency law to determine

7    - OPINION AND ORDER

whether an artist commissioned to create a sculpture was an employee or independent contractor. The court looked at a nondeterminative list of factors, including: the hiring party's right to control creation of the work; payment of a salary; provision of tools and location for the work; duration of the relationship; whether the hiring party has the right to assign additional projects; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. Id. at 751. Neither party explores any of those criteria here, though it is clear the computer program at issue is not a "collective work" because computer programs are not included as "collective works" under the statute.

In sum, Berryhill fails to show, and actually provides evidence in support of the opposite conclusion, that he is the sole author of the program. Disputed issues of fact exist as to the parties' employment relationship and regarding authorship of the original work. Because authorship is a genuine issue of material fact which cannot be determined from the record, summary judgment is therefore inappropriate.

    c. Copyright infringement

The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of § 411, to institute an action for any infringement of that right committed while he or she is the owner. 17 U.S.C. § 501(b). As valid ownership is required for an infringement action, and

8   - OPINION AND ORDER

ownership cannot be determined by the record at bar, summary judgment is inappropriate.

2. Intentional interference claim

Under 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Thus, the question of copyright ownership and infringement is left to federal courts alone. Rule 13 of the Federal Rules of Civil Procedure requires a party to plead any counterclaim arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13.

Here, Minarik alleges Berryhill's act of registering the copyright as sole owner was an intentional interference with Minarik's business relations. Berryhill moves to dismiss Minarik's counterclaim for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The elements of the tort intentional interference with business relations are: 1) the existence of a professional or business relationship; 2) intentional interference with that relationship; 3) by a third party; 4) accomplished through improper means or for an improper purpose; 5) a causal effect between the interference and the harm to the relationship; and 6) damages. Allen v. Hall, 328 Or. 276, 280, 974 P2d 199, 202 (1999).

Minarik has demonstrated sufficient facts on the record to support each of those elements and therefore state a claim for relief pursuant to Rule 12. First, Minarik had an existing client base for his original system and secured new clients for Nova TAS. Second and third, Berryhill is a third party who

9    - OPINION AND ORDER

allegedly interfered with those relationships by threatening the stability of those relations through his copyright registration, as well as allegedly defaming Minarik to his clients. Fourth, Minarik presents evidence suggesting that Berryhill registered the copyright for the improper purpose of interfering with Minarik's business. Fifth and sixth, Minarik's complaint suggests Berryhill's actions damaged his business resulting in monetary damages. Therefore, Berryhill's motion to dismiss Minarik's counterclaim is denied.

## Conclusion

Plaintiff's motion for summary judgment (doc. 16) and motion to dismiss (doc. 15) defendant's counterclaim are denied. Further, 28 U.S.C. § 1367 provides that district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C. § 1367. Because this court has original jurisdiction to hear the copyright claim, and defendant has raised a compulsory counterclaim, this court has supplemental jurisdiction over the counterclaim and the state court claim should be extinguished. IT IS SO ORDERED.

Dated this 14 day of March 2006.

_____
Ann Aiken
United States District Judge

10   - OPINION AND ORDER